IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Case No. 07-146-02-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| SIDNEY A. POTTS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Karin J. Immergut
United States Attorney
District of Oregon
Frank Noonan
Hanna Horsley
Assistant United States Attorneys
1000 S.W. Third Avenue, Suite 600
Portland, Oregon  97204-2902

Attorneys for Plaintiff

James F. Halley
The Strowbridge Building
735 S.W. First Avenue
Portland, Oregon  97204

        Attorney for Defendant

KING, Judge:

Defendant Sidney A. Potts is indicted along with seven co-defendants in an alleged conspiracy to bring tobacco, a prohibited item, into FCI Sheridan where Potts is incarcerated. Before the court are Potts' motions to dismiss the indictment or alternatively, sever his trial so that it can be held sooner.

## DISCUSSION

I.    <u>Dismissal of the Indictment</u>

In asking to dismiss the indictment, Potts notes the delay in arraigning him on the indictment, a dispute with his prior counsel concerning counsel's agreement with the prosecution not to turn over copies of discovery to Potts, and Potts' displeasure with the government's open file policy which has resulted in over 4000[1] pages of discovery.

None of these problems are reasons to dismiss the indictment.  The arraignments were delayed because the number of defendants in the case strained the resources of the United States Marshal.  All defendants have now been arraigned.

The prosecutor asked all defense counsel not to give copies of the discovery to their clients because of concerns about allowing the information to be disseminated at FCI Sheridan where the conspiracy allegedly took place.  The issue was brought before me at the first status

---

[1] The government notes that this has risen to 6000 pages.

conference.  I acknowledged that the concern was legitimate and asked counsel to confer about

ways which the defendants could view the discovery without compromising the security at the

prison.  Plans are now in the works to make this happen.  Potts' former counsel did nothing

wrong in agreeing to comply with the government's request until the issue could be brought to

my attention.  Likewise, the prosecutor's request was not misconduct.

I also disagree that the government's open file policy places an unlawful burden on the

defense.  Federal Rule of Criminal Procedure 16 sets forth the *minimum* amount of discovery to

which the parties are entitled.  United States v. Jordan, 316 F.3d 1215, 1249 n.69 (11th Cir.

2003) (citing Notes of Advisory Committee on 1974 Amendments to the Federal Rules of

Criminal Procedure 16).  Nothing prohibits the government from providing more.  Most

defendants clamor to see everything.  The open file policy ended most discovery disputes in this

district and allowed for speedier trial preparation.

In summary, I deny Potts' motion to dismiss the indictment.

II.    Severance of the Trial

If defendants are properly joined, the court should grant a severance only if there is a

serious risk that a joint trial would compromise a specific trial right of one of the codefendants or

prevent the jury from making a reliable judgment about guilt or innocence.  Zafiro v. United

States, 506 U.S. 534, 539, 113 S. Ct. 933, 938 (1993).  Less drastic measures, such as limiting

instructions, are often sufficient to cure any risk of prejudice.  Id.  A denial of severance will be

upheld "absent a showing that joinder was so manifestly prejudicial that it outweighed the

dominant concern with judicial economy and compelled exercise of the court's discretion to

sever."  United States v. Hutchison, 22 F.3d 846, 853 (9th Cir. 1993) (internal quotation

omitted), abrogated on other grounds, United States v. Wells, 519 U.S. 482, 117 S. Ct. 921 (1997).

At the first status conference, I orally designated this case to be complex under 18 U.S.C. § 3161 and entered an order to that effect on August 20, 2007. The complexity is due to the number of defendants and the voluminous discovery related to an extensive wiretap investigation. Potts objects to that designation and asks to sever his trial so that it may be conducted sooner. He also contends that four incriminating statements by his codefendants also incriminate him, thus requiring his trial to be severed.

I am unpersuaded by Potts' contention that the case is not complex. As noted by Potts himself, the volume of discovery makes it difficult to analyze. A motion schedule is in place to ensure that the trial does not drag out endlessly. His Bruton argument has more merit:

> Under *Bruton* and its progeny, the admission of a statement made by a non-testifying codefendant violates the Confrontation Clause when that statement facially, expressly, clearly, or powerfully implicates the defendant. See Bruton, 391 U.S. at 135-36, 88 S. Ct. 1620; Richardson v. Marsh, 481 U.S. 200, 208, 107 S. Ct. 1702, 95 L. Ed. 2d 176 (1987) (limiting *Bruton* to statements that are incriminating on their face or expressly incriminating since statements that only become incriminating when linked with other evidence are inherently less prejudicial); United States v. Hac, 990 F.2d 1099, 1105 (9th Cir.1993) (noting that "a codefendant's statement that does not incriminate the defendant unless linked with other evidence introduced at trial does not violate the defendant's Sixth Amendment rights"). A statement is not facially incriminating merely because it identifies a defendant; the statement must also have a "sufficiently 'devastating' or 'powerful' inculpatory impact to be incriminatory on its face."

United States. v. Angwin, 271 F.3d 786, 796 (9th Cir. 2001), cert. denied, 535 U.S. 966 (2002).

"[N]o Confrontation Clause violation occurs when 'the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence.'" United States v. Parks,

285 F.3d 1133, 1138 (9th Cir.) (quoting <u>Richardson v. Marsh</u>, 481 U.S. 200, 211, 107 S. Ct.

1702 (1987), <u>cert. denied</u>, 537 U.S. 1061 (2002)).

The government asks that I delay ruling concerning the four statements until it is clear

that those defendants will be going to trial rather than entering into plea agreements.  The

government also contends that the statements can be sufficiently redacted if necessary.

I agree with the government that there is no need to make this decision until we see which

defendants will proceed to trial.  Consequently, I deny the motion to sever but order the

government to provide redacted versions of the statements at least 30 days before trial, if

necessary.  Potts may renew his motion at the pretrial conference.

## CONCLUSION

Potts' Motion Requesting Dismissal of Indictment with Prejudice (#64)  and Potts'

Renewed Motion to Sever Parties and Renewed Speedy Trial Demand (#58) are denied.

IT IS SO ORDERED.

Dated this _____22nd_____ day of August, 2007.


___/s/ Garr M. King_____
Garr M. King
United States District Judge