FILED '09 JAN 15 10:26 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Case No. 07-146-02-KI |
| | ) | *Civil Case No. 08-70027-KI* |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| SIDNEY ALBERT POTTS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Karin J. Immergut
United States Attorney
District of Oregon
Hannah Horsley
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902

    Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Sidney A. Potts
United States Penitentiary
3901 Klein Blvd.
Lompoc, California 93436

       Pro Se Defendant

KING, Judge:

Defendant Sidney A. Potts pleaded guilty to bribery of a public official, in violation of 18 U.S.C. § 201(b)(1), and was sentenced to ten months imprisonment. Before the court is Potts's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#225) and related motions.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998).

Page 2 - OPINION AND ORDER

## DISCUSSION

Potts asks the court to vacate his conviction and sentence and dismiss the indictment with prejudice. He alleges three grounds for relief: (1) Bureau of Prison ("BOP") disciplinary action subsequent to his conviction and sentencing in this court constitute double jeopardy; (2) he is actually innocent of the charge because a bribery conviction requires a specific agreement between Potts and the public official; and (3) the indictment was unlawfully obtained because the government made misrepresentations to the grand jury concerning whether there was a BOP rule prohibiting tobacco in the institution. I deny Potts's § 2255 motion for several reasons.

First, as part of his plea agreement, Potts waived "the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel." Govt's Resp. to Def.'s Mot. for Relief Ex. A. at 11.

A defendant may waive a statutory right to appeal his sentence or to collaterally attack a conviction through a § 2255 motion, but an express waiver is only valid if knowingly and voluntarily made. United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), cert. denied, 520 U.S. 1132 (1997); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 508 U.S. 979 (1992). Potts does not argue that his waiver of rights was not knowingly and voluntarily made. Further, I questioned him carefully during his plea colloquy about this waiver.

None of the three grounds Potts alleges survive his waiver of the right to bring the claims. That reason is sufficient to deny his motion to vacate his sentence.

Second, none of the claims are meritorious. I will address each briefly.

In the double jeopardy claim, Potts incorrectly argues that the order of the punishments is relevant. The relevant point is the nature of the punishment–whether it is criminal or civil. Moreover, the Double Jeopardy Clause does not apply to prison disciplinary proceedings because they are solely remedial in nature. United States v. Brown, 59 F.3d 102, 103-105 (9th Cir. 1995). Even if Potts could get around Brown, however, he must bring the double jeopardy challenge against the second proceeding, the BOP disciplinary hearing, and not the first proceeding, the criminal conviction in this court. That he has already served his sanctions from the disciplinary hearing does not change that fact.

In his actual innocence claim, Potts asks if a specific agreement must be reached between himself and the public official to violate the statute. I assure him that no such agreement is required–the statute applies to "[w]hoever, directly or indirectly, corruptly gives, offers or promises anything of value to any public official . . . ." 18 U.S.C. § 201(b)(1). Indirect transfers, such as the ones committed by Potts, can involve any number of third parties. See United States v. Takai, 941 F.2d 738 (9th Cir. 1991) (violation of § 201(b) when bribe money passed from two individuals to defendant, who gave money to a third person, who then delivered money to a public official).

Concerning the unlawful indictment, Potts's argument centers around whether tobacco was prohibited at FCI Sheridan at the time. Potts was convicted in this court for bribery. Thus, I agree with the government that the status of tobacco under BOP rules at the time is not relevant to the count of conviction.

## CONCLUSION

None of the claims require an evidentiary hearing to resolve them. Potts's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#225), Motion Requesting Production of Grand Jury Transcripts Pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) (#227), and Motion Requesting Order of Discovery Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E) (#242) are denied.

IT IS SO ORDERED.

Dated this ____14th____ day of January, 2009.

_____
Garr M. King
United States District Judge